FILED

OCT 1 8 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-227 |
| | ) | **UNDER SEAL** |
| GOLAN M. BARAK | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A Federal Grand Jury returned a nine-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-9 | Wire Fraud<br>On or about 3/14/14 – 8/19/14 | 18 U.S.C. § 1343 |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Counts 1-9:**

In order for the crime of wire fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature;

2.     That the defendant acted with the intent to defraud; and

3.     That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate

or foreign commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

## II. PENALTIES

A.    As to Counts 1 - 9 :  Wire Fraud  (18 U.S.C. § 1343):

    1.    Individuals - The maximum penalties for individuals are:

        (a)    imprisonment for not more than twenty (20) years;

        (b)    a fine not more than the greater of;

            (1)    $250,000 (18 U.S.C. § 3571(b)(3));

or

            (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

        (c)    a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

        (d)    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to each Count, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: _____

GREGORY C. MELUCCI
Assistant U.S. Attorney
PA ID No. 56777